Ralph COOMER d/b/a AIRPORT RESTAURANT and
Ralph COOMER d/b/a 12th STREET
PRODUCTION, INC. d/b/a THE RELAY STATION
*v.* NATIONAL CREDIT CORPORATION

83-300                                                      668 S.W.2d 521

Supreme Court of Arkansas
Opinion delivered April 30, 1984

*Pruitt & Hodnett,* by: *Jerry D. Pruitt,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

JOHN I. PURTLE, Justice. A jury found in favor of appellee National Credit Corporation (NCC) on its complaint for breach of contract and damages. Appellant (Coomer) argues that: 1) it was error for the court to fail to direct a verdict in his favor on the issue of mitigation of damages; 2) the court erred in refusing to direct a verdict in his favor on the issue of usury; and 3) it was error to refuse to direct a verdict in favor of 12th Street Productions. We do not find prejudicial error to have occurred during the trial of this case.

Coomer attempted to purchase three cash registers from the National Cash Register Company but could not come up with the money to pay for them. On May 26, 1978, he signed a document with NCC stating he was leasing two cash registers. On June 8, 1979, he entered into the same type of agreement for a third cash register. The terms of the documents allowed NCC to pick up the cash registers and dispose of them in the event lessee became delinquent in monthly payments. Both instruments became delinquent and the machines were possessed by NCC and sold. Pursuant to the terms of the agreement Coomer was given credit for the net proceeds from the sale, and judgments were rendered by the jury for amounts representing the difference in the amounts paid, plus the sale proceeds, and the amounts which would have been paid through the end of the leases. Coomer defended on the grounds the documents were actually sales contracts and were tainted by usury. He also contended NCC neglected its duty to mitigate the damages and that he executed the agreements in his personal capacity and not as agent or representative for any association or corporation. Coomer renewed his motions relating to the above defense at each opportunity. The jury verdicts were against him and in favor of NCC in the sum of $10,334.

Evidence in this case tends to indicate that used cash registers have very little resale value. The fact that the two older registers here brought only two hundred dollars ($200) each at a public auction supports the low value theory. The newer machine was in fact sold for $2,250. The lease did provide that lessee could purchase the machines at the termination of the leases for their fair market value. However, such provision does not within itself establish that the instruments were sales agreements. In the present case Coomer did in fact make an effort to purchase the cash registers but upon failure to do so he entered into the leasing agreement with NCC, which only handled the leasing of machines and equipment. It was Coomer's burden to persuade the jury that the documents were sales agreements rather than leases. This he failed to do. *Hough* v. *Continental Leasing Corp.*, 275 Ark. 340, 630 S.W.2d 19 (1982). There is substantial evidence in the record that these instru-

ments are leases and are not disguised conditional sales contracts.

As to mitigation of damages the lease itself speaks to the issue. It provided that NCC would collect rent for the life of the agreement, and if default occurred, take possession of the registers and find a new lessee or sell them and credit the proceeds to the balance of the lease. This was done. NCC mitigated the damages in the only practical manner available. Had the lease covered an automobile or building the lessor would no doubt be expected to rent or lease the property to others because such property is ordinarily still leasable at the end of a lease. This is not the case with cash registers which rapidly change in design and use. At the time of default the registers had some value and if not sold the value would likely dwindle to nothing at the end of the lease period. Whether one acted reasonably in mitigating damages is generally, as here, a question of fact. *Harris Construction Company et al* v. *Powers*, 262 Ark. 96, 554 S.W.2d 332 (1977). The jury verdict was based upon substantial evidence.

The matter of usury was presented to the jury and decided adversely to Coomer. Although usury was a fact question we need not discuss it because the jury determined that the documents were leases and not sales agreements.

We now consider the question of whether the court erred in refusing to direct a verdict as to other defendants. The two other defendants were 12th Street Productions, Inc. doing business as The Relay Station and Airport Restaurant. The first lease was signed by Coomer as 12th Street Productions, Inc. d/b/a The Relay Station and the second was signed Airport Restaurant, by Ralph Coomer, owner. There is no evidence in the record and no authority cited by Coomer to indicate the trial court was in error on this matter.

We find no prejudicial error.

Affirmed.